Dear Mr. Daniel:
This opinion is in response to your question asking:
 (The Division of Veterans Affairs, Department of Public Safety, occupies a wing of the State Chest Hospital, Division of Health, Department of Social Services at Mount Vernon and pays the Chest Hospital for goods and services provided by the Hospital.)
 Question: Does the State Chest Hospital administration or parent organizations, Division of Health and Department of Social Services, have the authority to bar veterans nursing home personnel from using the state-owned housing on the hospital grounds and/or to determine the amount of rent which should be paid by those employees; or should the Division of Veterans Affairs be allotted a proportionate share of the dwellings for use by its "on call" employees?
The Division of Veterans' Affairs was transferred from the Department of Social Services to the Department of Public Safety, Office of Adjutant General. Reorganization Plan No. 3 of 1981, App. A, RSMo Supp. 1983. See Section 1.13 of the Omnibus State Reorganization Act of 1974, App. B, RSMo Supp. 1983. The Missouri State Chest Hospital at Mount Vernon is under the control and administration of the Division of Health, Department of Social Services. See
Sections 192.010 and 199.010, RSMo 1978.
As we understand the facts, since April, 1983, the Division of Veterans' Affairs has occupied a wing of the Missouri State Chest Hospital at Mount Vernon. This wing is operated as an "annex" to the Missouri Veterans' Home at Saint James, but Sections 42.100 to 42.125, RSMo 1978, are not applicable. The staff of this annex are employed pursuant to Sections 42.060 and 42.070, RSMo 1978. Section 42.070, RSMo 1978, makes employees of the Division of Veterans' Affairs subject to the State Personnel Law, Chapter 36, RSMo 1978 and Supp. 1983. Section 36.030.1(9), RSMo Supp. 1983, exempts from the State Personnel Law the resident administrative head of each state medical, penal and correctional institution, upon the approval of the Personnel Board. We assume, for purposes of this opinion, that the Personnel Board has not approved the exemption of the resident administrative head of the "annex" at Mount Vernon and that such resident administrative head is subject to the State Personnel Law.
The Division of Veterans' Affairs has entered into a cost-sharing and cooperation contract/lease with the Division of Health regarding the skills, resources, and physical plant of both parties. We have examined this agreement and find no provision purporting to transfer control of living quarters at Mount Vernon from the Division of Health to the Division of Veterans' Affairs.
Section 192.010, RSMo 1978, states:
 The division of health within the department of social services shall have such duties and powers as are assigned by law or by the department. The division of health shall also have control and administration over the Missouri state chest hospital at Mt. Vernon as provided by law. . . . [Emphasis added.]
Section 199.020, RSMo 1978, states:
 The following officers and their families shall, with the permission of the division of health, reside in the institution: Superintendent, assistant physicians, secretary, steward and matron; provided, that no child of any officer twenty-one years of age or older shall reside at the institution without the consent of the division of health, and then only by paying full compensation for board and lodging. [Emphasis added.]
See also Section 191.160, RSMo Supp. 1983.
These statutes clearly place the control of the Missouri State Chest Hospital at Mount Vernon with the Division of Health.
In Opinion Letter No. 41, Godar, 1975, copy enclosed, this office indicated that "merit system" employees may receive board and living quarters from the state if the director of the department in control of these facilities determines that such is for the good of the state and necessary for the proper performance of duties, even if no statute specifically authorizes the provision of living quarters to these employees. Here, the Division of Health is vested with the control of the facilities. Therefore, the Division of Health may bar veterans' nursing home personnel from using state-owned housing on Missouri State Chest Hospital grounds and may, depending upon the circumstances, set the rent for the use of such facilities.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion Letter No. 41, Godar, 1975